UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DAVID HENRY McGRAW,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>A. P. KANE, Warden,<br><br>　　　　Respondent.<br>_____/ | No. C 05-2911 PJH (PR)<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS, DENYING HABEAS PETITION, AND DENYING CERTIFICATE OF APPEALABILITY** |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to a denial of parole by the governor.

**BACKGROUND**

In August of 1981 a jury found petitioner guilty of second-degree murder. Ex. 7 (probation officer's report) at 7. In September of 1981 he was sentenced to prison for a term of seventeen years to life. Pet. at 2.

In 2004, a two-person panel of the Board of Prison Terms split one to one on the question whether petitioner should be granted a parole date. Ex. 2 (Board of Prison Term's transcript) at 68. As a result, the matter was reheard en banc; the en banc Board denied parole without explanation. Ex. 3. Petitioner's state habeas petition was granted by the California Court of Appeal, which remanded to the Board to set a parole date. Ex. 5 at 9. The Board did so, but the governor reversed the Board. Ex. 6 at 3. The California Court of Appeal denied petitioner's state habeas petition directed to the governor's decision, and the California Supreme Court denied his petition for review of the court of appeal decision. Ex. 10, 12.

///

**DISCUSSION**

**I.   Motion to Dismiss**

Respondent has moved to dismiss the case as moot, saying that petitioner has now been released on parole. Mot. to Dismiss at 2. Petitioner concedes that he has been released, but contends that the case is not moot because a favorable decision here would affect the length of his parole. Opp. at 1-2. Respondent has not filed a reply to contest the contention that a favorable ruling here would shorten petitioner's parole term, nor does he contend in the motion itself that the parole period is other than for a determinate period. It thus appears that the court could indeed afford petitioner relief, were he to prevail. The motion to dismiss will be denied.

**II.   Merits**

McGraw listed only one issue in his petition, which he phrased this way: "Petitioner's right to due process under the law guaranteed by the Fifth, Sixth and Fourteenth amendments to the United States Constitution were violated when the governor abused his discretion and denied petitioner parole based on evidence not presented at trial, used speculation as evidence, failed to demonstrate current level of dangerousness and relied on unchanging factors." Pet. at 5.1. In its Order to Show Cause the court listed the issues this way: "[P]etitioner asserts that[] (1) his due process rights were denied when the governor denied parole based on the circumstances of his crime; (2) his due process rights were violated by the governor's basing his denial in part on facts which were not presented at trial; and (3) the governor's decision is arbitrary, capricious, and not supported by the evidence."

In the recent case of *Swarthout v. Cooke*, No. 10-333 (January 24, 2011), the Supreme Court held that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more.'" *Swarthout*, slip op. at 4-5 (quoting *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). That is, a right to be heard and a right to a statement of

reasons for a denial are the only two due process rights a prisoner has with regard to a parole eligibility hearing.

Whichever way the issues in this case are framed – as the court did, or as petitioner did – there is no contention that petitioner was denied an opportunity to be heard or a statement of reasons why parole was denied. And it is clear from the record that he in fact was allowed to be heard, ex. 2 at 1-67, and the governor's decision – the decision at issue here – provides reasons for the denial, ex. 6 at 1-3. The petition is without merit.

### III.   Certificate of Appealability

Given the clear controlling Supreme Court authority, a certificate of appealability ("COA") will be denied. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA standard). Petitioner is advised that he may ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a), Rules Governing § 2254 Cases.

### CONCLUSION

Respondent's motion to dismiss (document number 19 on the docket) is **DENIED**. The petition for a writ of habeas corpus is **DENIED**. As other motions are **DENIED** as moot. A certificate of appealability is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  January 28, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.05\mcgraw911.deny2.wpd